**AFFIRM; and Opinion Filed August 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00814-CV

### GIOVANNI BONAUDO MARILES, Appellant
### V.
### ARCE MORENO HECTOR, Appellee

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-01489**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Brown

Giovanni Bonaudo Mariles (Bonaudo) appeals the trial court's order denying his motion for nonrecognition of a March 2015 Mexican default judgment. He contends the trial court should have refused to recognize the judgment for three reasons. Bonaudo also contends the trial court erred in refusing to permit discovery. We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Under the Uniform Foreign Country Money-Judgment Recognition Act (the Act), a copy of a foreign country judgment authenticated in accordance with an act of congress, a statute of this state, or a treaty or other international convention to which the United States is a party may be filed in the office of the clerk of a court in the county of residence of the party against whom recognition is sought. Act of May 26, 1989, 71st Leg., R.S., ch. 402, § 1, 1989 Tex. Gen. Laws

1544, and Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3275, *repealed by* Act of May 22, 2017, 85th Leg., R.S., ch. 390, § 2, 2017 Tex. Gen. Laws. 1054, 1057 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 36A.001-.011 (West Supp. 2017)).[1]  At the time the foreign country judgment is filed, the party seeking recognition of the judgment shall file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor.  *Id.* § 36.0042(a).  A party against whom recognition of a foreign judgment is sought may contest recognition by filing a motion for nonrecognition of the judgment based on one or more grounds found in section 36.005.  *Id.* § 36.0044.  Section 36.005 sets out ten grounds for nonrecognition, three of which are mandatory and seven of which are discretionary.  *Id.* § 36.005.

Appellee Arce Moreno Hector (Moreno) originally sought to recognize a September 2013 judgment from Mexico City's Superior Court of Justice, Fourth Court in Civil Matters.  In February 2014, Moreno filed in the Dallas County district court an affidavit of filing of foreign judgment pursuant to the Act.  The affidavit, from Moreno's attorney, stated that Moreno was the judgment creditor and Bonaudo was the judgment debtor.  The underlying lawsuit was an action by Moreno against Bonaudo as guarantor of a $100,000 promissory note executed by a Mexican corporation, Secner, HR, S.A. de C.V., and payable to Industrial de Valvulas, S.A. de C.V.  Bonaudo owns one third of Secner's shares.  Moreno is an attorney for Secner.

Bonaudo timely filed a "Motion for Non-recognition of Purported Foreign Country Money Judgment."  He asserted the Mexican judgment was not subject to recognition under the Act because in November 2013, a Mexican court prohibited any attempt to execute on it.  Bonaudo also argued he did not receive notice of the Mexican proceedings in sufficient time to defend,

---

[1] The current version of the Act went into effect on June 1, 2017, after the trial court's April 2016 order denying the motion for nonrecognition. It applies to "a pending suit in which the issue of recognition of a foreign-country money judgment is or has been raised without regard to whether the suit was commenced before, on, or after the effective date . . . of this Act." Act of May 22, 2017, 85th Leg., R.S., ch. 390, § 3, 2017 Tex. Gen. Laws 1054, 1057. The version in effect when the trial court reached its decision in this case was located in chapter 36 of the civil practice and remedies code. For convenience, we will cite chapter 36, rather than the full session law.

–2–

which is a discretionary ground for nonrecognition.  In addition, Bonaudo informed the court of a lawsuit he had filed in another Dallas County district court against Secner, Secner's majority shareholder Juan Acra, and other business entities.  Bonaudo asserted that lawsuit involved the same subject matter as the underlying dispute and had been compelled to arbitration by Secner.

Attached to Bonaudo's motion for nonrecognition was the declaration of Luis Cervantes, an attorney licensed in Mexico.  According to Cervantes, Bonaudo filed an amparo lawsuit in the Fifth District Court in Civil Matters in Mexico City seeking to quash the September 2013 judgment.  Cervantes explained that an amparo lawsuit is not an appeal.  He described it as a "federal and constitutional remedy against the acts of authorities (local or federal) that violate or may be deemed as a violation of human rights and other constitutional fundamental rights." Cervantes stated that on November 12, 2013, the Fifth District Court in Civil Matters suspended "any and all acts tending to the execution and/or enforcement of the Judgment."  Cervantes attached to his declaration "a copy of the electronic version of the Amparo proceedings."

In June 2014, Bonaudo filed a motion to compel written discovery responses from Moreno as well as Moreno's deposition.  Moreno responded that discovery was not allowed in the context of a motion for nonrecognition.  He asserted that the proper action, if any, under the Act was to stay enforcement of the judgment until the matter was resolved in Mexico.  On August 1, 2014, the trial court denied Bonaudo's motion to compel and stayed all action in the cause until "such time as final orders from the originating Court or the appropriate higher Court regarding the original matter are filed herein."

In September 2015, Moreno filed an "Affidavit of Final Rulings Supporting Foreign Judgment" which stated that all questions regarding the finality of the judgment had been resolved. Moreno later supplemented his affidavit of filing of foreign judgment and attached a certified copy

of a March 2015 Mexican judgment.  Upon Moreno's motion, and over Bonaudo's objection, the trial court lifted the stay.

The trial court held an evidentiary hearing on Bonaudo's motion for nonrecognition in March 2016.  At the outset of the hearing, Bonaudo urged two discretionary grounds for nonrecognition — he did not have notice of the Mexican proceedings in sufficient time to defend and the judgment was obtained by fraud.[2]

Bonaudo testified at the hearing that he lives in Irving, Texas, in Dallas County, and has lived in Texas for almost ten years.  He is a United States citizen.  Bonaudo offered into evidence several exhibits, including a copy of the Mexican court's September 4, 2013 judgment.  He hired a law firm in Mexico to fight that judgment and "won the amparo."  The judgment was set aside because he had not been properly served.  Further proceedings resulted in a second judgment from the Mexican Fourth Court in Civil Matters, dated March 23, 2015.  Bonaudo indicated that after he won the amparo lawsuit, he was not served with notice of the proceeding that resulted in the 2015 judgment.

Exhibit 2 is a document which indicates Bonaudo was served in October 2014 at an address in Mexico through a man named Pablo Adan Marquez Moreno.  The court reporter and translator who translated documents in this case from Spanish into English testified that based on his experience, Exhibit 2 was "basically a service of process return."  The address at which Bonaudo was served was the address of Secner, but Bonaudo had never worked at that address.  The document states that citation was left for Bonaudo with Pablo Adan, who said he was Bonaudo's employee.  Bonaudo testified he did not know, nor had he heard of, Pablo Adan, and Pablo Adan was not his employee.  Bonaudo did not authorize Pablo Adan to accept service on his behalf.

---

[2] Bonaudo also argued the Mexican court did not have personal jurisdiction over him, one of the mandatory grounds for nonrecognition, but he does not raise that ground on appeal.

The March 2015 judgment, Bonaudo's Exhibit 3, includes several "findings of fact." Paragraph four contains the following finding:

> By means of judicial proceedings of October 8 of two thousand fourteen process was served upon co-defendant GIOVANNI BONAUDO MARILES, and as determined by the SECOND CIVIL CHAMBER of the Court, in its judgment of the eighth of January two thousand fifteen dictated in court appellate dossier 899/2014/1I, was properly conducted, as required under articles 114, 116, an 117 of the Code of Civil Procedure . . . and therefore, by court order of the eleventh of March of this year, it was accused of the default of appearance in which it incurred by not having answered in time the complaint brought against it.

The parties disagree about the import of this finding.

Each side called a lawyer from Mexico to testify about the relevant Mexican law. Hildebrando Garcia Alvarez, who testified for Bonaudo, testified about the methods for service under Mexican law. Alvarez indicated that as a result of the amparo lawsuit, Bonaudo needed to be served again. The second lawsuit was what Alvarez called a "reestablished lawsuit." It was held under the same docket, but was a different lawsuit because they had to reestablish all proceedings, starting with service of process. He was asked about the implication that paragraph four of the 2015 judgment suggests Bonaudo was deemed to have been served in Mexico. According to Alvarez, paragraph four of the 2015 judgment indicates the court in Mexico revoked the second service of process. He acknowledged that Moreno filed an appeal and the "Appeal Court" thought service was properly made. Alvarez stated that regardless of what paragraph four says, there was no due service of process.

Alvarez indicated that the service that was determined to be invalid in the amparo proceeding also took place at Secner's domicile. The plaintiff had to serve Bonaudo again in his real domicile, whether his house or his actual "working place." The first time no one showed any documents to prove the address was Bonaudo's domicile. The second time, when the service processor requested that Pablo Adan prove the address was Bonaudo's real domicile, Pablo Adan showed him Secner's bylaws, which indicated Bonaudo was a partner, and showed him a copy of

Bonaudo's identification. Alvarez stated it is illegal for someone to tell the service processer that a person works at a place of business when it is untrue. Alvarez stated that Bonaudo's status as a shareholder of Secner does not mean he has a working domicile or his real residence at Secner's address. According to Alvarez, the bylaws do not prove Bonaudo had any kind of domicile at the location. Further, the identification provided had a different address than the one where process was served. In Alvarez's opinion, the service processer should not have left the notification at that location. After the second attempt at service, the "very Judge who knew about this case revoked that service because he didn't think the process servicer did it correctly." Alvarez disagrees with the 2015 judgment's recitation that service was proper.

Alvarez himself worked on the amparo lawsuit. He became aware of the second judgment about thirty days after it was issued because of an electronic system in Mexico. At the time, Alvarez questioned how a final judgment could have been obtained against Bonaudo when he had not been served in Texas. Alvarez did not initially know the content of the judgment, only that a final resolution had been issued. He later learned the second judgment was the same as the first judgment except for the date and four findings of fact. A party has nine or twelve days to appeal a judgment and fifteen days to go to an amparo. Neither of these options were available to Bonaudo because of the time lapse. Alvarez also indicated Bonaudo could not appeal because he was "not part of the process." Mexico does not have a process similar to our bill of review for setting aside a judgment.

Alvarez knew the second lawsuit had been filed, the one that resulted in the 2015 judgment. He did not appear on behalf of Bonaudo to fight the promissory note. The amparo lawsuit said Bonaudo had to be served according to the laws of Mexico. Alvarez did not appear for his client because his client was entitled to due service of process. The 2015 judgment is final in Mexico

and was subject to execution there. Alvarez said it was not enforceable because it goes against the basic laws of Mexico.

Alvarez referred to Exhibit 5, a copy of a document that revoked Bonaudo's powers and authority with respect to Secner. Bonaudo had testified the document was delivered to him "[t]hrough the serving process" in Dallas County in March 2012. In light of that, Alvarez questioned why Moreno would serve Bonaudo at Secner's office.

Mario Fernandez reviewed the documents in this case and testified for Moreno. Fernandez disagreed with Alvarez's opinion that service on Pablo Adan was not good service. It was clear from paragraph four that to the judge of appeals, service was properly conducted. It is normal practice in Mexico that companies establish in their bylaws a legal address at which any shareholder can be "notified to the effects of the issues related to the company." Secner was involved in the litigation over the promissory note. Fernandez stated that if a shareholder does not specify an address different from the one in the bylaws, it is understood under Mexican law that the address of the company is the same as the shareholder's. A judge, the Second Civil Chamber of the Mexican Court, recognized that the service was properly conducted. There is no issue to be litigated related to service.

Fernandez testified about three options for appealing a judgment in Mexico. The first was a nullity remedy for lack of service; this option would likely not apply here due to the nature of the lawsuit. The second was a classic appeal action, and the third was the amparo proceeding. Fernandez did not agree that Bonaudo could not file an appeal because he did not know about the judgment for thirty days. Bonaudo had fifteen days after March 23, 2015, to present an amparo proceeding and nine days to present "any appeal action." Because Bonaudo did not do that, he lost the opportunity to argue any due process violation. He could no longer challenge service in Mexico. He testified the 2015 judgment under Mexican law is final and conclusive.

Alvarez's firm represented Bonaudo in the previous litigation. Alvarez was authorized to request a copy of a judgment related to the promissory note. It is normal practice for any law firm in Mexico to send a paralegal every day to check the judgments related to their cases. Fernandez also explained there is a Mexican judicial bulletin in which all judgments are published. It is available to any person and provides the case number and the parties involved. It would have been a reasonable thing for a Mexican lawyer to do to review the bulletin and request a copy of the judgment. Fernandez stated that it was possible for Bonaudo to appear in the 2015 litigation. He had the opportunity to present defenses that were not presented.

The judge asked Fernandez about the possibility that Moreno knew where Bonaudo lived. Fernandez said, "Well, maybe they - - they can do that. But the thing here is that the judgment was rendered in Mexico. They have to notify them and service them - - service in an address in Mexico." The trial judge said, "I mean, this whole thing stinks to me," questioning why Bonaudo was served at the same address a second time.

Fernandez testified that in Mexico service is made by "officers of the same court." The person who "made service" in the 2015 litigation was serving as a public servant to the judge. If there was a mistake in the service, the judge has to order service in Texas. The judge did not do that, because he thought service was proper.

Fernandez went on to say that Bonaudo was served in the first litigation when he filed an amparo proceeding. He cannot argue he has no knowledge of the request to pay the note. When Bonaudo presented the amparo proceeding, the judge ordered substitute service and they properly conducted the service. It was not Moreno's fault, nor any shareholder's fault, that service was done in the same address as before. Fernandez said Bonaudo was obligated to designate a real address in the amparo proceeding. If he lives in Texas, he should have designated that address.

By not designating his address in Texas, "they are admitting implicitly that the address in Mexico is the correct one."

On April 4, 2016, the trial court denied Bonaudo's motion for nonrecognition. The court later issued an order nunc pro tunc to correct a clerical error in its original order.

Bonaudo timely filed a motion for new trial. At a hearing on the motion, he argued that new evidence was discovered as a result of the "parallel arbitration proceeding" that entitled him to a new trial.[3] The new evidence was majority shareholder Acra's deposition testimony. Bonaudo attached an excerpt of the deposition to an addendum to his motion for new trial and read from it at the hearing. Bonaudo argued that Moreno acted improperly in suing Secner (and Bonaudo) using information "garnered via his representation of Secner." As grounds for nonrecognition, Bonaudo again argued the judgment was obtained by fraud and also argued the cause of action on which the judgment is based is repugnant to the public policy of Texas. Bonaudo maintained that, at a minimum, he was entitled to discovery about "how this judgment was fraudulently obtained in Mexico." The judge asked Bonaudo what discovery was going to show him. He responded that there was a "scheme in which [Acra], the former business partner of Mr. Bonaudo, had their lawyer, Mr. Moreno, the plaintiff here, sue on this promissory note against his business partner and their own company."

Moreno disagreed that the deposition testimony was new information. He also argued Bonaudo had the opportunity to argue his points in Mexico. The motion for new trial was overruled by operation of law.

### GROUNDS FOR NONRECOGNITION

Under the Act, there are mandatory and discretionary grounds for nonrecognition. In this appeal, Bonaudo argues the trial court should not have recognized the Mexican judgment for three

---

[3] At oral argument, Bonaudo represented that an arbitration award had been confirmed.

of the discretionary grounds. Bonaudo asserts the following discretionary grounds as set out in chapter 36:

> A foreign country judgment need not be recognized if:
>
> (1) the defendant in the proceedings in the foreign country court did not receive notice of the proceedings in sufficient time to defend;
>
> (2) the judgment was obtained by fraud; and
>
> (3) the cause of action on which the judgment is based is repugnant to the public policy of this state.

TEX. CIV. PRAC. & REM. CODE ANN. § 36.005. The party seeking to avoid recognition of the foreign judgment has the burden of proving a ground for nonrecognition. *Naves v. Nat'l W. Life Ins. Co.*, No. 03-08-00525-CV, 2009 WL 2900755, at *2 (Tex. App.—Austin Sept. 10, 2009, pet. denied) (mem. op.).

This Court has not previously determined the appropriate standard of review of a trial court's ruling on a motion for nonrecognition based on the Act's discretionary grounds. Some of our sister courts of appeals have held that review of a ruling on a motion for nonrecognition is de novo. *See Diamond Offshore (Bermuda), Ltd. v. Haaksman*, 355 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Sanchez v. Palau*, 317 S.W.3d 780, 785 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Naves*, 2009 WL 2900755, at *2. The parties both state in their briefs that the standard of review is de novo. The Fifth Circuit, however, has held that when a case involves only discretionary grounds for nonrecognition under the Act, the trial court's recognition or nonrecognition can be set aside only upon a clear showing of abuse of that discretion. *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1004 (5th Cir. 1990); *see DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 379 n.3 (5th Cir. 2015); *see also Karstetter v. Voss*, 184 S.W.3d 396, 402 (Tex. App.—Dallas 2006, no pet.) (motion contesting enforcement of foreign judgment under chapter 35 of civil practice and remedies code (Uniform Enforcement of Foreign Judgments Act) operates as motion for new trial, thus court's ruling is

reviewed for abuse of discretion). We need not determine which standard is applicable, however, because the outcome is the same under either standard. *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("Little turns, however, on whether we label review of this particular question abuse of discretion or *de novo*, for an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction."). In this case, conflicting evidence was presented to the trial court at the evidentiary hearing on the motion for nonrecognition. Under either standard, we defer to the trial court's credibility determinations and resolution of those conflicts. *See In re I.I.G.T.*, 412 S.W.3d 803, 806 (Tex. App.—Dallas 2013, no pet.).

In his first issue, Bonaudo contends the trial court erred in enforcing the Mexican judgment because he was not served with process in that lawsuit. Accordingly, he maintains he did not receive notice of the proceedings in sufficient time to defend, a discretionary ground for nonrecognition. The Act does not specify what is considered a sufficient time to defend. The trial court heard conflicting evidence from the Mexican lawyers on the issue of whether Bonaudo knew about the proceeding in sufficient time to defend. The lawyer witnesses disagreed about whether the second service was proper under Mexican law. Moreno's witness testified an appeals court had determined the second service was proper. They also disagreed about whether Bonaudo could have done something to challenge the 2015 judgment in Mexico. Bonaudo participated in the amparo proceeding and knew the court ordered new service. Fernandez indicated that Bonaudo's Mexican attorney, designated to represent Bonaudo in the previous litigation, could "appear before the Mexican Judge to request a copy of any judgment related to the promissory note." Thus, there was evidence from which the trial court could have determined Bonaudo did know about the proceeding in sufficient time to defend. Under these circumstances, we cannot conclude the trial court erred in denying Bonaudo's motion for nonrecognition on this ground. We overrule Bonaudo's first issue.

In his second issue, Bonaudo contends the trial court erred in recognizing the judgment because Moreno obtained the Mexican judgment by improperly using attorney-client information. Bonaudo contends this was grounds for nonrecognition for two reasons — (1) the judgment was obtained by fraud and (2) enforcing the judgment would be repugnant to Texas public policy.

The trial court could have determined that Bonaudo did not meet his burden to prove fraud. At the original hearing Bonaudo argued the judgment was obtained by fraud, citing the issues with service. At the hearing on the motion for new trial, Bonaudo argued that allowing Moreno to sue his client was a fraud on the Mexican court. In neither instance did he present any evidence of actual fraud. Further, as there was evidence before the trial court that Bonaudo knew about the proceeding in sufficient time to defend, it follows that he could have raised these issues in the Mexican courts. A judgment debtor is precluded from collaterally attacking a foreign judgment when an issue was litigated before a foreign court or the party was given the opportunity to litigate the issue before that court. *Nicholas v. Envtl. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 902 (Tex. App.— Houston [14th Dist.] 2016, pet. denied) (citing *The Courage Co. v. The Chemshare Corp.*, 93 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). Grounds for nonrecognition may be waived if a party had the right to assert that ground as an objection or defense in the foreign country but failed to do so. *Id.* Although Bonaudo contends there was newly discovered evidence in arbitration, the fact remains that he knew Moreno was Secner's attorney.

Bonaudo also contends that due to Moreno's alleged fraud the judgment is repugnant to Texas public policy. Section 36.005 gives the trial court discretion to refuse to recognize a foreign judgment if the cause of action on which the judgment is based is repugnant to the public policy of the state.[4] Here, the cause of action on which the Mexican judgment is based is a suit on a

---

[4] For cases pending as of September 1, 2017, the civil practice and remedies code was amended to provide that a Texas court is not required to recognize a foreign-country judgment if "the judgment or the cause of action is repugnant to the public policy of this state or the United States." TEX. CIV. PRAC. & REM. CODE ANN. § 36A.004(c)(3) (West Supp. 2017). For purposes of this case, we consider the previous version of statute which allowed nonrecognition of a repugnant cause of action rather than a repugnant judgment.

promissory note. The level of contravention of Texas law has to be high before recognition can be denied on public policy grounds. *Sw. Livestock & Trucking Co. v. Ramón*, 169 F.3d 317, 321 (5th Cir. 1999). A cause of action for collection of a promissory note is not repugnant to Texas public policy. *Id.* We overrule Bonaudo's second issue.

### DENIAL OF MOTION TO COMPEL DISCOVERY

Finally, Bonaudo contends the trial court abused its discretion in refusing to permit discovery. He specifically complains about the trial court's August 1, 2014 order denying his motion to compel, arguing it was "a clear abuse of discretion." Moreno responds that Bonaudo was not entitled to discovery in a proceeding under the Act. We need not decide that issue. For even if we assume that discovery is permissible in this context, Bonaudo has not demonstrated any reversible error.

We review a trial court's denial of a motion to compel for an abuse of discretion. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*

Bonaudo filed his motion to compel in June 2014 while his motion for nonrecognition of the 2013 judgment was pending. The trial court denied Bonaudo's request for discovery on the same day it stayed all action in the case so that issues regarding the finality of the 2013 judgment could be resolved in the amparo proceeding. We cannot conclude the trial court abused its discretion in denying Bonaudo's motion to compel discovery at a point in the proceedings when there were issues regarding the finality of the foreign judgment at issue.

To the extent Bonaudo complains about the trial court's failure to grant the request for discovery he made at the motion for new trial hearing, this complaint is also without merit. After Moreno sought recognition of the March 2015 judgment, Bonaudo did not request discovery again

–13–

until his motion for new trial. He claimed he had "newly discovered evidence" that Moreno sued Secner and Bonaudo using information obtained as "a lawyer in the course of representation" and asked to explore "this fraud and this repugnant use of the . . . attorney/client relationship." Moreno's position as Secner's attorney was not a secret to Bonaudo. In his original discovery requests in March 2014, Bonaudo sought to explore how Moreno came to have an ownership interest in the note. The trial court could have determined the renewed discovery request was untimely as it was not truly based on newly discovered evidence. The court did not abuse its discretion in failing to grant this second request for discovery. We overrule Bonaudo's third issue.

We affirm the trial court's order.

/Ada Brown/
ADA BROWN
JUSTICE

160814F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GIOVANNI BONAUDO MARILES, Appellant

No. 05-16-00814-CV     V.

ARCE MORENO HECTOR, Appellee

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-01489.
Opinion delivered by Justice Brown, Justices Lang-Miers and Boatright participating.

In accordance with this Court's opinion of this date, the trial court's order nunc pro tunc denying the motion for nonrecognition is **AFFIRMED**.

It is **ORDERED** that appellee ARCE MORENO HECTOR recover his costs of this appeal and the full amount of the trial court's judgment from appellant GIOVANNI BONAUDO MARILES and from the cash deposit in lieu of supersedeas bond. After all sums have been paid, the clerk of the district court is directed to release the balance, if any, of the cash deposit to Turin Investments LP.

Judgment entered this 6th day of August, 2018.